# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**ROY RODERICK RILEY, JR., #97622**                                       **PETITIONER**

**V.**                                     **CIVIL ACTION NO. 2:09-CV-137-KS-MTP**

**CHRISTOPHER EPPS, et al.**                                              **RESPONDENTS**

### ORDER ADOPTING REPORT AND RECOMMENDATION

On May 15, 2012, the Magistrate Judge entered a Report and Recommendation [16] in this matter. Therein, the Magistrate Judge held that Petitioner's habeas claim was procedurally barred because the Mississippi Court of Appeals held that Petitioner had failed to raise the issue upon which he based his appeal before the state trial court. The Magistrate Judge further held that Petitioner had not demonstrated the existence of any external cause for his default, or that the Court's failure to consider his claims would result in a fundamental miscarriage of justice.

In response, Petitioner argues that the Government failed to prove the elements of burglary of an automobile. Specifically, he argues that the Government failed to prove that he entered the car with the intent of stealing or committing a felony. He notes that the Government failed to produce evidence that any items of value were inside the car, or that he possessed tools necessary to remove valuable parts of the vehicle. Accordingly, he argues that there was insufficient evidence to support the verdict, and that the Court's failure to consider his claims would result in a fundamental miscarriage of justice.

As the Magistrate Judge correctly noted, "[i]n considering challenges to

sufficiency of evidence in habeas proceedings, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (punctuation omitted). In making this determination, the Court gives great deference to the findings of the state appellate court. *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993). Based on the evidence presented at trial, a jury could have reasonably found that the Petitioner intended to steal something or commit a felony after entering the vehicle.

Furthermore, Petitioner's analysis is flawed in at least one critical respect. The Government was not required to prove that Petitioner intended to steal the specific goods or equipment which the state appellate court referenced in its opinion. Rather, the Government was required to prove that Petitioner broke into and entered the vehicle; that the vehicle contained goods, merchandise, equipment, or valuable things; and that Petitioner entered it with the intent to steal or commit a felony. *Riley v. State*, 11 So. 3d 751, 753 (Miss. Ct. App. 2008). At approximately 9:30 p.m., Petitioner broke into a vehicle which was parked directly outside its owners' home at the end of an unlit, five-hundred-yard driveway. The Government presented evidence that Petitioner, when confronted, refused to exit the vehicle and declared that he was taking it. Later, Petitioner gave the implausible explanation that he believed the car belonged to a friend of his. In light of this evidence, a jury could reasonably find that Petitioner intended to commit a felony.

The Court has fully reviewed the Report and Recommendation and concludes

that it is an accurate statement of the facts and correct analysis of the law. Therefore, the Court accepts, approves, and adopts the factual findings and legal conclusions contained in the Report and Recommendation entered by United States Magistrate Judge Michael T. Parker pursuant to 28 U.S.C. § 636(b)(1).

Accordingly, the Court denies the relief sought in Riley's Petition for Writ of Habeas Corpus, and the petition is **dismissed with prejudice**. A separate judgment shall be entered as required by Rule 58.

SO ORDERED AND ADJUDGED this, the 13th day of June, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE